810 F.2d 200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darwin GRAVITT, Plaintiff-Appellant,
v.
Gene BORGERT, Defendant-Appellee.
 Nos. 86-1915, 86-1916 and 86-2014.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1986.
 
 Before KENNEDY, MARTIN and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 These appeals have been referred to this panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 A review of the file indicates that appellant filed three notices of appeal from the final judgment or order of the district court. The first notice of appeal was originally received in this Court on July 14, 1986, and was filed in the district court on September 10, 1986. It is deemed filed on July 14, 1986. Rule 4(a)(1), Federal Rules of Appellate Procedure. The July 14, 1986, notice of appeal was docketed as appeal number 86-1915 and the second notice of appeal filed September 26, 1986, was docketed as appeal number 86-1916.
 
 
 3
 No final judgment or appealable order had been entered by the district court at the time appellant filed the July 14, 1986, and September 26, 1986, notices of appeal. The only order entered by the district court was the March 28, 1986, order granting leave to proceed in forma pauperis. That order is not final and appealable since it did not end the litigation on the merits. Catlin v. United States, 324 U.S. 229 (1945). The order also does not fit into the collateral order exception since such order does not conclusively determine a disputed question, it does not resolve and important question separate from the merits of the action and it can effectively be reviewed on appeal from the final judgment. Coopers v. Lybrand v. Livesay, 437 U.S. 463 (1978); Cohen v. Beneficial Industrial Loan Corporation, 337 U.S. 541 (1949).
 
 
 4
 The final judgment of the district court was filed on October 8, 1986, and entered October 14, 1986. Appellant filed a notice of appeal from that judgment on October 22, 1986, which was docketed as appeal number 86-2014. On October 22, appellant also filed a motion for reconsideration which was served on October 17. The Rule 59(e), Federal Rules of Civil Procedure, motion for reconsideration was timely served and tolled the appeals period. Rule 4(a)(4), Federal Rules of Appellate Procedure. The notice of appeal filed October 22, 1986, was premature and of no effect. If appellant wishes to appeal the judgment, a new notice of appeal must be filed within the appeals period measured from entry of the order disposing of the motion for reconsideration. A timely notice of appeal is mandatory and jurisdictional. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).
 
 
 5
 It is ORDERED that the appeals be and hereby are dismissed for lack of jurisdiction.